LEONA GARMENT CO. v. JENKS et al.

(Circuit Court of Appeals, Seventh Circuit. July 22, 1908.)

No. 1,448.

PATENTS—INFRINGEMENT—WOMEN'S UNDERGARMENT.

    The Critcher patent, No. 781,635, for a combination undergarment for women, construed, and *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 160 Fed. 693.

The appellant, Leona Garment Company, as complainant below, filed its bill for infringement of patent No. 781,635, issued to Leona J. Critcher, February 7, 1905, and assigned to such complainant. On final hearing the validity of the patent was upheld, and infringement adjudged and enjoined in respect of one exhibit device made by the defendants; but a subsequent manufacture, referred to as "Defendants' Garment No. 2," was adjudged not an infringement, with denial of relief thereupon. From final decree accordingly this appeal is brought to review such ruling of noninfringement. The patent is for a "combination undergarment," and thus describes the object of invention:

"This invention relates to nether garments, and has for its object the production of a combination undergarment for ladies' use, consisting of two complete articles, skirt and drawers, so combined and arranged with relation to each other that, while each article is in itself complete, yet each article forms a part of the other; the combination undergarment avoiding fullness around the waist and yet giving ample fullness about the hips and around the legs. By the particular arrangement hereinafter described the garment is adjustable to figures of widely-varying waist measure, and also to stout and slender figures, setting perfectly and draping gracefully equally well on all figures."

Drawings appear, of which figure 3 is referred to as a plan view "spread out, showing one of the drawers legs turned up," as follows:

The specifications contain the following descriptions and references:

"The combination undergarment contemplated in this invention embodies three main pieces, which for convenience of description may be termed the 'body' or 'skirt' piece and the 'drawers leg pieces'; the latter constituting essential portions of the drawers. The combination skirt and drawers comprise a skirt having secured thereto upon its inner face upon each of the opposite sides thereof a drawers leg consisting of two wing portions extending from the upper edge of the skirt to the bottom thereof at a suitable distance apart, each wing being gored at the top to form an opening from the waist to the crotch and united together from the crotch to the bottom of the skirt, whereby the drawers leg upon each side of the skirt comprises for its outer wall that portion of the skirt extending between the two wings. The skirt or body piece (indicated at 1), when first cut out and laid flat, is in the form of the segment of a circle or disk, and is preferably made nearly equal to a complete circle, as shown in Fig. 3, thereby giving the requisite fullness about the hips when the garment is made up. The outer or longer curved edge, 2, forms the bottom of the body of the skirt and drawers, the inner or shorter curved edge forms the top or waist line of the skirt, and the short curved and divergent edges, 4, mark the inside seams of the drawers legs of the garment, while the edges, 5, which are subsequently faced, as shown at 6, form the front flap or fly of the drawers; the latter, as well as the skirt, being open at the front similar to ladies' drawers now in use. The upper and shorter edge, 3, is faced, as at 7, coextensive with the length thereof and by preference provided with tie strings or a tape, 8, run through the facing, so that the front edge portions of the garment may be lapped by each other to any desired extent to adapt the garment to varying waist measurements. To the longer bottom edge, 2, is attached the trimming, 9, which may be of any suitable shape or desired design; said trimming extending also around the bottoms of the drawers legs, as shown. The drawers leg pieces, 10, are counterparts of each other, each being substantially triangular in shape, with one of the lower angles cut off on the line, 11, to correspond in length and curvature with the adjoining edge, 4, of the skirt piece; the edges, 4 and 11, being joined to form the inside seam of the leg portion of the drawers. One of the longer side edges, and what may be termed the 'vertically-attached' edge, 12, of the leg piece, is united to the skirt or body piece, 1, along the line, 13, throughout the whole length of the skirt, as well as the drawers, while the other side edge, 14, of the leg piece, extends obliquely and should be properly hemmed or bound throughout its length from the waistband to the upper extremity of the inside leg seam. The extreme upper part of the leg piece is secured firmly to the waistband, 7, and in fact constitutes a stay for the leg of the drawers, in that by means of said extended stay portion or piece the drawers leg is supported directly from and by the waistband. Another very important feature resides in the fact that the side edges, 12 and 14, of the leg piece are crossed intermediate of their ends, thereby causing the outer side of the leg and stay piece to lie against the inner side of the skirt or body piece of the garment."

It is further stated: "The body of the garment may also be cut from two pieces of material, instead of one, to better adapt the garment to extra large figures," and "various changes may be made in the form, proportion, and minor details without departing from the" invention.

The claim is: "The hereindescribed combined skirt and drawers comprising a skirt and wings secured to the inner face thereof extending from top to bottom of the skirt and forming portions of the drawers legs, each drawers leg consisting of one wing and the adjacent side edge portion of the skirt, each wing being gored at the top to form an opening from the waist to the crotch and united to the extreme side edge of the skirt from the crotch to the skirt bottom; the forward edges of the drawers forming the front of the skirt and being adapted to overlap each other."

The defendants' production, which was found to be an infringement, appears to have been copied from the patent specifications. In their later manufacture, involved in this review, variations appear which are described in our opinion.

W. Clyde Jones and Arthur B. Seibold (Keene H. Addington and Robert Lewis Ames, of counsel), for appellant.

Genevieve Sutherland, pro se.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The patent in suit, No. 781,635, is for a combination undergarment for women, which unites in one garment an underskirt and drawers, with each complete in itself, and the device for such combination is plainly described in the specifications and embraced in the single claim of invention. While various means and forms of combination garments were in use and well known prior to the application for this patent— including combined skirt and trousers for riding and bicycle habits— and two prior patents appear for combined skirt and drawers, the novelty of this patentee's device for such combination is not impeached, as we believe, by any of the patents introduced or other evidence in the record, and its utility is well established. The validity of the patent is upheld by the decree appealed from, but one of the combination skirt and drawers made by the appellees, under the name of "Ideal"— referred to in the record as "Defendants' Garment No. 2" —is adjudged to be no infringement of the patent. This ruling upon the issue of infringement is assigned as error, and the solution is not free from difficulty, as it rests on interpretation of the monopoly granted, in the light of the prior art, without the aid of expert testimony on behalf of the appellees, or representation by counsel at the bar of this court. We have considered, however, the careful opinion of the trial court, together with the brief there submitted by counsel on the part of the appellees (as certified to this court), and an intelligent oral explanation of the respective garments in question, made by one of the appellees at the bar of this court, on leave granted, for want of representation by counsel.

The purpose of the invention, as stated in the patent, was to make such combination of skirt and drawers in one garment that the function of each was preserved, with ready adjustment to various figures, "draping gracefully," and eliminating the double thickness of material at the waist and hips imposed upon the wearer of two garments. It clearly appears that each of these functions was desired in a combination garment for women, and that the want was not satisfactorily met by either of the prior patent combinations in evidence—Burgard's, No. 700,477, or Chittenden's, No. 765,556—as both failed to provide the needful skirt effect in covering the openings in drawers, front and rear, in various movements of the wearer, aside from other defects.

The combination garment of the patent, as therein specified, "embodies three main pieces, which for convenience of description may be termed the 'body' or 'skirt' piece and the 'drawer leg pieces.'" The body piece is cut from the material into segmental shape, "nearly equal to a complete circle (as shown in figure 3 of the drawings), to give the requisite fullness about the hips when the garment is made up"; and the longer periphery forms the bottom of skirt and drawers, while "the inner or shorter curved edge forms the top or waist line." The two leg pieces for drawers (shown in figure 3) are cut triangular in shape and attached as wings to the face of the skirt piece, extending from

top to bottom, "each wing being gored at the top to form an opening from the waist to the crotch, and united to the extreme side edge of the skirt from the crotch to the skirt bottom; the forward edges of the drawers forming the front of the skirt and being adapted to overlap each other." These parts united form "a ready-made" garment, which appears to possess all of the qualities above stated as the objects of the invention, and all due to the novel devices of segmental shape for the basic skirt piece, with the triangular shape of the two wing pieces, gored and arranged thereon to make the drawers, and the overlapping provision for the front of the drawers, so that they close "in coatlike manner," thus giving both complete skirt effect at the front and adjustibility to the garment.

These elements in combination are distinctly set forth in the single claim of the patent, and their patentable novelty in such combination is established by the testimony. In the appellees' garment (the "Ideal"), as we understand its structure, every element of the patent combination is employed, substantially, for like purpose and with like result. The alleged distinctions are: (a) That the skirt portion is made of three pieces, instead of a single piece, of material; (b) that the wing pieces are "formed integrally with a part of the skirt portion," instead of cutting them out separately to be sewed thereon, as specified in the patent; and (c) that such severance of the skirt affords advantage in the fit of the garment, because the bias of the material can be placed at the rear, instead of sides. Nevertheless, the skirt portion enters into the combination in segmental form, and each part is shaped and arranged therein as devised by the patentee. These changes, therefore, due to the first-mentioned expedient of laying out the segmental form of skirt in three pieces—while the patent suggests merely two pieces as an alternative method—furnish no escape from infringement, as we believe, although they may improve the fit, as alleged.

We are of opinion, accordingly, that error is well assigned for denial of relief against such infringement, and the decree of the Circuit Court is reversed, with direction to grant relief in conformity herewith.